UNITED STATES of America, Plaintiff–Appellee,

v.

Anahit MARGARIAN, Defendant–Appellant.

No. 01–10379.

D.C. No. CR–99–00147–FCD.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2002.

Decided June 27, 2002.

Before GOODWIN, HAWKINS and FISHER, Circuit Judges.

MEMORANDUM *

Anahit Margarian appeals her conviction for health care fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1347 and 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Margarian challenges the district court's ruling permitting the admission of evidence that she had taken a polygraph test. Evidence of polygraphs is generally disfavored by this court, see United States v. Bowen, 857 F.2d 1337, 1341 (9th Cir.1988); however, we have recognized a distinction between evidence pertaining to the actual polygraph test and results, and evidence that is unrelated to the substantive correctness of the results of the polygraph. Id. (acknowledging that polygraph evidence which is an operative fact may be admissible). The government did not seek to admit, nor did the district court allow, the admission of the test results or the specific questions and answers given. Rather, the court narrowly tailored the extent of admissible evidence to testimony regarding statements made by Margarian during the pre and post-test interviews. Because the probative value of the evidence outweighed the potential prejudice, the district court did not abuse its discretion in admitting the limited testimony. See id. at 1341.[1] Nonetheless, we recognize that this is a close case, and we caution that the government should take great care when deciding whether to introduce evidence of this sort in future cases.

Even if the district court did err by admitting testimony that a polygraph test was taken, we conclude that any error was harmless. Cf. United States v. Miller, 874 F.2d 1255, 1263 (9th Cir.1989) ("Nonconstitutional errors do not require reversal unless, viewing the evidence as a whole, it was more probable than not that the errors affected the verdict.").

Margarian also contends that the government improperly vouched for two of its witnesses during rebuttal closing arguments. In the absence of a contemporaneous objection, our review is limited to plain

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Margarian additionally asserts that the admission of the polygraph evidence prejudicially precluded her from rebutting Agent Sweeney's testimony regarding her changed statements. As the government points out, Margarian makes this argument for the first time on appeal and fails to advance any legal support for her conclusory allegations; accordingly, we decline to consider this argument. See Maryland Cas. Co. v. Knight, 96 F.3d 1284, 1291 (9th Cir.1996) (stating that issues raised in the brief that are not supported by argument are deemed abandoned).

error. *See United States v. Molina,* 934 F.2d 1440, 1444 (9th Cir.1991). We see none. By attacking the credibility of the government's witnesses, defense counsel invited the prosecutor's comments. *See United States v. Wallace,* 848 F.2d 1464, 1474 (9th Cir.1988) (concluding that the prosecutor's response must be viewed in the context of defense counsel's arguments that government witnesses had been untruthful).[2]

**AFFIRMED.**

---

**2.** Margarian's motion for bail pending appeal is denied as moot.